■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN FREEMAN, Appellant.— Judgment of the Supreme Court, Queens County, rendered March 28, 1974, affirmed (CPL 470.05, subd. 1). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS A. GOWRIE, Appellant.— Appeal by defendant (1) from a judgment of the Supreme Court, Kings County, rendered June 14, 1973, convicting him, on two counts each of attempted murder, assault in the second degree and robbery in the second degree, and on the count of robbery in the first degree, grand larceny in the second degree, grand larceny in the third degree and possession of a weapon as a felony, upon a guilty plea, and imposing sentence; and (2) further (by permission) from an order of the same court, dated April 30, 1974, which denied his application for a writ of error *coram nobis,* without a hearing. Order affirmed. No opinion. Judgment reversed only as to the sentence, on the law, and otherwise affirmed, and case remanded to Criminal Term for resentencing. The record indicates that the sentencing court did not grant defandant an opportunity to be heard personally in his own behalf before sentencing as required by CPL 380.50 (*People* v. *Brown,* 41 A D 2d 850; *People* v. *Gilliam,* 40 A D 2d 1036). Latham, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST HAZLEWOOD, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, New York County, Special Narcotics Part A, imposed November 28, 1972, on a Kings County indictment, upon his conviction of criminal possession of a dangerous drug in the fourth degree, upon a guilty plea. Sentence reversed, on the law, and case remitted to the Special Narcotics Court for resentencing. The sentencing court did not provide defendant with an opportunity to be heard prior to its pronouncement of sentence (CPL 380.50). At the time of resentence, the court should have before it an updated probation report. We find no merit to the other contentions raised by defendant. Latham, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL JONES, Appellant.— Appeal from (1) two judgments of the County Court, Rockland County, both rendered June 26, 1973, convicting him of attempted burglary in the third degree (Indictment No. 73–49) and petit larceny (Indictment No. 72–03), each upon a plea of guilty, and imposing sentence, and (2) an order of the same court, entered February 8, 1974, which denied his motion pursuant to CPL 440.20 to set aside the sentences. Leave to appeal from the order is hereby granted by Mr. Justice Cohalan. Judgment under Indictment No. 73–49 and order affirmed. Judgment under Indictment No. 72–03 reversed, on the law, and said indictment dismissed. Under the facts of this case the 18½-month period between December 2, 1971, when defendant was placed under detention in the Rockland County Jail for a robbery allegedly committed on that date, and June 26, 1973, when he was arraigned, pled guilty and sentenced under Indictment No. 72–03, was such a lapse of time as to deprive him of his right to a speedy trial. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.